# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| DUANE E. TURNER, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) Case No. 2:14-cv-0020-WTL-DKL |
| | ) |
| DICK BROWN, | ) |
| | ) |
| Respondent. | ) |

### Entry Discussing Petition for Writ of Habeas
### Corpus and Denying Certificate of Appealability

For the reasons explained in this Entry, the petition of Duane Turner for a writ of habeas corpus must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

### The Petition for Writ of Habeas Corpus

### I. Background

The pleadings and the expanded record establish the following:

1. Turner was convicted of murder, criminal confinement and robbery based on tragic events which occurred during the early morning hours of September 24, 1994. *See Turner v. State*, 682 N.E.2d 491 (Ind. 1997). Turner's direct appeal was followed by his action for post-conviction relief, which was pending from September 8, 2000 until February 14, 2013. On July 1, 2013, the trial court reduced the Class A Robbery to a Class B felony and reduced the sentence for that offense to ten years.

2. Turner signed the petition for writ of habeas corpus filed in this case on January 29, 2014, contending that his convictions are constitutionally infirm.

## II. Discussion

"We live in a world of deadlines." *Spears v. City of Indianapolis,* 74 F.3d 153, 157 (7th Cir. 1996). In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996, revised several of the statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). One such provision provides that:

> a state prisoner has one year to file a federal petition for habeas corpus relief, starting from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). . . . "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day [v. McDonough,* 547 U.S. 198, 201 (2006)] (quoting 28 U.S.C. § 2244(d)(2)).

*Wood v. Milyard*, 132 S. Ct. 1826, 1831 (2012)(footnote omitted).

Turner's conviction became final on September 22, 1997. This was the last day on which turner could have filed a petition for a writ of certiorari with the United States Supreme Court. *Griffith v. Kentucky*, 479 U.S. 314, 321 & n.6 (1987). Absent an event which tolled the running of the statute of limitations, the statute of limitations expired one year later. Because there was no event or circumstance which tolled the running of the statute of limitations, the last day on which Turner could have filed his federal petition for writ of habeas corpus was September 23, 1998.

The events which occurred after that date, including the post-conviction proceedings, are of no consequence because all such events occurred after the statute of limitations had expired. *See Fernandez v. Sternes,* 227 F.3d 977, 978-79 (7th Cir. 2000) (explaining that it is illogical to toll a limitations period that has already passed).

## III. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted).

In this case, Turner has encountered the hurdle produced by the 1-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore denied as untimely without a decision being made as to the merits of his claims. *See Bachman v. Bagley,* 487 F.3d 979, 982 (6th Cir. 2007).

Judgment consistent with this Entry shall now issue.

## Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings*, and 28 U.S.C. § 2253(c), the court finds that Turner has failed to show that reasonable jurists would find it Adebatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability.

IT IS SO ORDERED.

Date: 2/18/15

*[signature: William T. Lawrence]*

Distribution:

Electronically Registered Counsel

Duane Turner
No. 952429
Wabash Valley Correctional Facility
Electronic Service Participant-Court Only

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana